1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11   ZAKEE SHAKIR,

CASE NO. 2:21-cv-01147-TL

12                              Plaintiff(s),

13          v.

ORDER ON PLAINTIFF'S
RESPONSE TO ORDER TO SHOW
CAUSE

14   KING COUNTY DEPARTMENT OF
     PUBLIC DEFENSE, NORTHWEST
     DEFENDERS DIVISION,

15

16                              Defendant(s).

17

18          This matter is before the Court on Plaintiff's response to the Court's prior order to show

19   cause. Dkt. Nos. 8, 9. Having considered the relevant record, the Court hereby DISMISSES the

20   case without prejudice.

21

22

23

24

ORDER ON PLAINTIFF'S
RESPONSE TO ORDER TO SHOW
CAUSE - 1

## I.   BACKGROUND

Plaintiff Zakee Shakir commenced this action on August 23, 2021, against Defendant King County Department of Public Defense.[1] Dkt. No. 1; Dkt. No. 7 at 2. The Complaint is somewhat confusing, but in essence, Plaintiff alleges that his defense counsel, an attorney presumably employed and assigned by Defendant, during a criminal proceeding in 2011 made certain errors during the representation that resulted in Plaintiff serving a longer sentence than he should have. Dkt. No. 7 at 4.

Specifically, Plaintiff alleges that he pled guilty to certain charges, including Unlawful Possession of a Firearm in the First Degree, before the King County Superior Court in 2011. Dkt. No. 7-1 at 3–4. This particular charge was based on a purported incident and arrest made on February 13, 2011, but Plaintiff alleges that (1) no such incident and arrest occurred on that date—though it appears that an arrest was made on February 14, 2011, instead—and (2) he did not realize at the time that he was pleading guilty to a charge based on a February 13, 2011, arrest. *Id.* at 3–4; *see also id.* at 6–7 (judgment in 2011 criminal case). In 2019, Plaintiff was again charged for and pled guilty to one count of Unlawful Possession of a Firearm in the First Degree. *Id.* at 2. Plaintiff alleges that, in calculating the appropriate sentencing range for Plaintiff's 2019 guilty plea, his offender score was based on these purportedly false 2011 charges and therefore incorrectly calculated, resulting in a higher standard sentence range of 41 to 54 months of imprisonment rather than a "corrected" range of 26 to 34 months of imprisonment. *Id.* at 2, 5.

It appears that throughout these proceedings, Plaintiff was represented by attorneys assigned by Defendant. *See id.* at 2–3. Specifically, it appears that one public defender

---

[1] Plaintiff also refers to Defendant as "Northwest Public Defenders Division," "The Department of Public Defense, Northwest Defender's Division - King County," and other similar names. *See, e.g.*, Dkt. No. 7 at 1, 4, 5.

represented Plaintiff in the 2011 criminal proceeding, a second public defender represented Plaintiff in the 2019 criminal proceeding but was discharged on or about February 20, 2019, a third public defender was permitted to withdraw from representing Plaintiff due to a conflict of interest about two weeks later, and at least a fourth and fifth public defender were assigned to Plaintiff as part of the 2019 proceedings. *See* Dkt. No. 7-1 at 2 & n.1, 4.

Plaintiff alleges that Judge Chad Allred of the King County Superior Court agreed with Plaintiff and discharged Defendant from Plaintiff's case. Dkt. No. 7 at 5; *see also* Dkt. No. 7-1 at 2 n.1. Plaintiff brings claims under 42 U.S.C. § 1983 for violations of the Fourth Amendment, Fifth Amendment (due process clause), and Eighth Amendment of the U.S. Constitution. Dkt. No. 7 at 3, 5, 6. He seeks $1 million in damages, though he is prepared to "settle for $50,000 exempt from taxes." *Id.* at 8.

Plaintiff proceeds *pro se*, or without legal representation. The Magistrate Judge granted Plaintiff *in forma pauperis* status, permitting him to proceed without paying the filing fee, with a recommendation that the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. No. 6. The Court then ordered Plaintiff to show cause why this case should not be dismissed for various deficiencies in the Complaint, noting that "Plaintiff's Complaint suffers from deficiencies that, if not corrected in an Amended Complaint, require dismissal." Dkt. No. 8. The Court specifically noted that it was "unclear . . . how the public defender is liable under these causes of action," that the facts were "not connected to the law," and questioned whether Plaintiff could bring a suit based on "actions that occurred approximately ten years ago." *Id.* at 2. Plaintiff timely responded, reiterating his allegations and arguing, in part, that his claims are not time barred because they accrued on February 20, 2019, "when it was made official that the injury did take place back in July 2011," and that the Constitutional claims may be asserted against Defendant because Defendant is a state agency.

Dkt. No. 9 at 2, 4–5. The Court has reviewed the Complaint, Plaintiff's response to the Court's order to show cause, and all other relevant records before the Court. Dkt. Nos. 7, 8, 9.

## II.   LEGAL STANDARD

A court must dismiss an *in forma pauperis* complaint if it is "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints . . . .").

This Court liberally construes pleadings filed by *pro se* litigants and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). Even so, a court should "not supply essential elements of the claim that were not initially pled." *E.g.*, *Henderson v. Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal quotation marks omitted) (quoting *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))). Also, "it is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). The Court is mindful that it ordinarily must grant leave to amend when it dismisses a *pro se* complaint, unless the pleading cannot be cured by amendment. *E.g.*, *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017) (affirming lack of leave to amend where amendment was futile).

### III.   DISCUSSION

Plaintiff's claims are brought under 42 U.S.C. § 1983, which does not itself provide a substantive right but provides a mechanism for enforcing individual rights secured by federal law. *E.g.*, *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284–85 (2002). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1107 (9th Cir. 2022). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

Plaintiff's Complaint continues to suffer from a myriad of deficiencies that warrant dismissal under 28 U.S.C. § 1915. Chief among these deficiencies is that Plaintiff simply cannot hold Defendant liable under § 1983.

The sole Defendant in this action is the local Department of Public Defense whose attorneys represented Plaintiff throughout his 2011 and 2019 state criminal proceedings. Plaintiff's § 1983 claim essentially alleges that Defendant violated his Constitutional rights through ineffective assistance of counsel, resulting in an unlawful conviction and/or period(s) of incarceration. The Court previously noted that it was "unclear . . . how the public defender is liable under these causes of action." Dkt. No. 8 at 2. Plaintiff argues that Defendant is a state agency and therefore was acting under the color of law in representing him in his prior criminal matters. Dkt. No 9 at 5.

Even assuming that Defendant is a state agency and was correctly named as a Defendant, Defendant cannot be held liable for the conduct alleged in this matter. Plaintiff takes issue with errors allegedly made by public defenders employed by Defendant during their work in

representing him in his 2011 and 2019 criminal proceedings. Specifically, Plaintiff's objections focus on his counsel in the 2011 proceedings, though he also appears to accuse the first public defender to represent him in the 2019 proceedings of making the same error in his convictions and sentencing.

The Supreme Court has specifically held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (dismissing Section 1983 claims against public defender); *see also Miranda v. Clark Cnty.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding public defender's representation inadequate but affirming dismissal of Section 1983 claim against him because he was not acting as a state actor). Perhaps to try to circumvent this law, Plaintiff attempts to distinguish between the individual public defenders who represented him (not Defendants) and their employer (Defendant). *See* Dkt. No. 9 at 5. But the relevant inquiry is the *function* of Defendant: Plaintiff may not assert a § 1983 claim against Defendant for conduct arising out of the traditional role of a lawyer in representing their client, rather than representing their interests of the state or county. *See Miranda*, 319 F.3d at 469–71 (recognizing that the "assignment of an inexperienced lawyer" by a public defense agency cannot result in § 1983 liability);[2] *see also Rowell v. Clark Cnty. Pub. Def. Off.*, 157 F. App'x 973, 976 (9th Cir. 2005) (holding that plaintiff could not bring Section 1983 claim against the Clark County Public Defender's Office "because he is not suing a state actor"). Plaintiff's allegations against Defendant fall squarely within conduct arising out of serving as counsel to a criminal defendant. Plaintiff's allegations are not based on any policy, systemic failures, or other

---

[2] Notably, a significant minority of the *Miranda* Ninth Circuit *en banc* panel dissented with the majority on whether even the policies and alleged lack of training at issue by the public defense agency at issue could form the basis of a Section 1983 claim. *See Miranda*, 319 F.3d at 474–76 (Kleinfeld, C.J., concurring in part and dissenting in part); *id.* at 476–77 (Silverman, C.J., concurring in part and dissenting in part).

conduct by Defendant as a representative of the government. Therefore, Plaintiff cannot state a claim for relief and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff cannot assert his claims against Defendant (nor any other person or entity associated with Defendant, such as the individual public defenders or King County) under 42 U.S.C. § 1983, any amendment of the Complaint would be futile.

IV.   CONCLUSION

Accordingly, Plaintiff's Complaint is DISMISSED without prejudice and without leave to amend. Judgment will issue separately. The Clerk is DIRECTED to close this case.

Dated this 28th day of April 2023.

Tana Lin
United States District Judge